1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

11

## EASTERN DISTRICT OF CALIFORNIA

12

13    THOMAS SHADDEN,                          1:12-CV-01455 GSA HC

                         Petitioner,           ORDER DIRECTING CLERK OF COURT
14                                             TO ASSIGN DISTRICT JUDGE
        v.
15                                             FINDINGS AND RECOMMENDATION
                                               REGARDING PETITIONER'S FAILURE TO
16    DERRAL G. ADAMS,                         FOLLOW COURT ORDERS
                                               [Docs. #8,10]
17                         Respondent.
      _____/
18

19           Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C.

20    § 2254.

21           On April 10, 2012, Petitioner filed a petition for writ of habeas corpus in the Ninth Circuit

22    Court of Appeals.  On September 5, 2012, the Ninth Circuit transferred the petition to this Court.

23    On September 11, 2012, the Court issued new case documents, and ordered Petitioner to complete

24    and file a form indicating consent or decline to the jurisdiction of the magistrate judge.  Petitioner

25    was granted thirty (30) days to file the completed form.  Over thirty (30) days passed, and Petitioner

26    failed to comply.  On October 29, 2012, the Court issued the order a second time and provided

27    Petitioner with another thirty (30) days to comply.  Again, thirty (30) days passed with no response

28    from Petitioner.

**DISCUSSION**

1

2      Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules

3  or with any order of the Court may be grounds for imposition by the Court of any and all sanctions

4  authorized by statute or Rule or within the inherent power of the Court."  District courts have the

5  inherent power to control their dockets and "in the exercise of that power, they may impose sanctions

6  including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829,

7  831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to

8  prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g.,

9  Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);

10  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an

11  order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

12  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of

13  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to

14  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for

15  lack of prosecution and failure to comply with local rules).  In determining whether to dismiss an

16  action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the

17  court must consider several factors: (1) the public's interest in expeditious resolution of litigation;

18  (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

19  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

20  alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61;  Malone, 833 F.2d at 130;

21  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

22      In the instant case, the Court finds that the public's interest in expeditiously resolving this

23  litigation and the Court's interest in managing the docket weigh in favor of dismissal because this

24  case has been pending in this Court since September 5, 2012.  The third factor, risk of prejudice to

25  defendants, also weighs in favor of dismissal because a presumption of injury arises from any

26  unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.

27  1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly

28  outweighed by the factors in favor of dismissal.

1

**ORDER**

2          Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to randomly

3   assign a district judge to this case.

4

**RECOMMENDATION**

5          Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for

6   Petitioner's failure to comply with a court order.

7          This Findings and Recommendation is submitted to the district judge assigned to this case,

8   United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule

9   304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

10  Within fifteen (15) days after service of the Findings and Recommendation, any party may file

11  written objections with the court and serve a copy on all parties.  Such a document should be

12  captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

13  objections shall be served and filed within fourteen (14) days after service of the objections.  The

14  Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18          IT IS SO ORDERED.

19  **Dated:   January 7, 2013                        /s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28