UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SHADDEN, | 1:12-CV-01455 LJO GSA HC |
| Petitioner, | ORDER SUBSTITUTING ATTORNEYS |
| v. | ORDER VACATING FINDINGS AND RECOMMENDATION [Doc. #14] |
| DERRAL G. ADAMS, | ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER WITH BLANK CONSENT FORM |
| Respondent. | |
| | ORDER DIRECTING PETITIONER TO COMPLETE AND RETURN CONSENT/DECLINE FORM |
| | ORDER DIRECTING CLERK OF COURT TO SERVE PETITIONER AND FORMER COUNSEL |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 10, 2012, Petitioner filed a petition for writ of habeas corpus in the Ninth Circuit Court of Appeals. On September 5, 2012, the Ninth Circuit transferred the petition to this Court. On September 11, 2012, the Court issued new case documents, and ordered Petitioner to complete and file a form indicating consent or decline to the jurisdiction of the magistrate judge. Petitioner was granted thirty (30) days to file the completed form. Over thirty (30) days passed, and Petitioner failed to comply. On October 29, 2012, the Court issued the order a second time and provided

1  Petitioner with another thirty (30) days to comply.  Again, thirty (30) days passed with no response
2  from Petitioner.  Therefore, on January 7, 2013, the Court issued a Findings and Recommendation
3  which recommended the petition be dismissed for failure to comply with a court order.

4      While the Findings and Recommendation were pending, the Court was notified that
5  Petitioner had not received anything with respect to this case.  The Court was advised that Petitioner
6  was proceeding pro per and that the attorney of record listed on the Court's docket, Joaquin Arturo
7  Revelo, was no longer Petitioner's attorney.  Apparently, Mr. Revelo had been Petitioner's counsel
8  at the appellate level and was carried over as attorney of record during the transfer.  Thus, the
9  numerous orders previously listed were served on Mr. Revelo, rather than Petitioner.  Needless to
10 say, a simple notification from Mr. Revelo that he was not representing Petitioner in this case would
11 have saved the Court and Petitioner a substantial amount of time, effort and frustration.

12     Since Petitioner has not been served with any of the aforementioned orders, the Court will
13 vacate the Findings and Recommendation.  In addition, the Court will direct the Clerk of Court to
14 remove Mr. Revelo as attorney of record and substitute Petitioner as proceeding pro se.

15 **ORDER**

16     Accordingly, IT IS HEREBY ORDERED:

17     1) The Clerk of Court is DIRECTED to remove Mr. Revelo from the docket as attorney of
18 record and substitute Petitioner as proceeding pro se;

19     2) The Findings and Recommendation issued on January 7, 2013, is VACATED;

20     3) The Clerk of Court is DIRECTED to serve Petitioner with a consent/decline form;

21     4) Petitioner is GRANTED thirty (30) days from the date of service of this Order to complete
22 and return the consent/decline form;

23     5) The Clerk of Court is DIRECTED to serve this Order on Petitioner and his former counsel,
24 Mr. Revelo.

25

26     IT IS SO ORDERED.

27     Dated: **January 15, 2013**           **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
28