# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SHADDEN, | 1:12-CV-01455 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO FILE AMENDED PETITION |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK PETITION FOR WRIT OF HABEAS CORPUS |
| DERRAL G. ADAMS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

On April 10, 2012, Petitioner filed an application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals. On September 5, 2012, the Ninth Circuit determined that the application was unnecessary to the extent that Petitioner had not yet had federal review of his challenges to his conviction for attempting to prevent or dissuade a witness from testifying in violation of Cal. Penal Code § 136.1, Kern County Superior Court case no. BF109616A. Therefore, the Ninth Circuit ordered the matter transferred to this Court. On September 11, 2012, the case was received in this Court.

1  The Ninth Circuit transferred the case with the application as the operative pleading.  While
2  the application served its purpose in the circuit court, it is deficient in this Court as a petition for writ
3  of habeas corpus.  While it is clear Petitioner challenges the above conviction, Petitioner fails to
4  present specific claims for relief.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Discernable Claim

Petitioner must state his claims with sufficient specificity.  See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases (emphasis added) states:

> The petition must:
> (1) *specify all the grounds for relief available to the petitioner;*
> (2) *state the facts supporting each ground;*
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The application presented to the Ninth Circuit does not present specific grounds for relief or facts in support.  Therefore, the application is deficient as a petition and must be dismissed. Petitioner will be given an opportunity to file a first amended petition to properly set forth his grounds for relief.  The Clerk of Court will be directed to provide Petitioner with a blank form petition in order to assist Petitioner in presenting a complete petition.  Petitioner is advised that the amended petition should be titled "First Amended Petition" and must reference the instant case

number.  He is further advised that his claims must only pertain to the conviction for dissuading a witness, insofar as he has already sought federal review on his other convictions.  Petitioner is forewarned that failure to file an amended petition in compliance with this order within the allotted time will result in dismissal and termination of the action.

## ORDER

Accordingly, the application having been considered as a petition for writ of habeas corpus is hereby DISMISSED.  Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order. The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

Dated:   **February 5, 2013**            **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE